

**IN THE**
**TENTH COURT OF APPEALS**

No. 10-24-00375-CV

**IN RE LAWRENCE EDWARD THOMPSON**

**Original Proceeding**

**From the 12th District Court**
**Walker County, Texas**

---

**MEMORANDUM OPINION**

---

Relator, Lawrence Edward Thompson, is a vexatious litigant subject to a prefiling order that requires him to obtain permission from the Local Administrative Judge (LAJ) prior to filing any new litigation. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.101. In this mandamus proceeding, Thompson complains that the LAJ for Walker County, Texas abused his discretion when he denied Thompson's request for permission to file new litigation. *See id.* § 11.102(f).

Thompson filed a Motion Requesting Permission to File New Litigation, dated June 26, 2024, and a second motion on July 5, 2024, requesting permission to file a

petition requesting depositions to investigate a potential claim or suit against Texas Department of Criminal Justice employees. The LAJ denied the first motion on July 9, 2024. Thompson then filed a Motion Requesting Permission to File a Petition for Writ of Mandamus because his first motion was denied. The LAJ denied the second motion requesting permission to file new litigation and the motion requesting permission to file a petition for writ of mandamus on August 7, 2024.

A Local Administrative Judge may grant permission to a vexatious litigant subject to a prefiling order to file proposed litigation only if it appears to the judge that the litigation has merit and has not been filed for the purposes of harassment or delay. *Id*. § 11.102(d). The writ of mandamus will issue to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy available by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). By statute, no appeal lies from a Local Administrative Judge's denial of permission to file a suit, but mandamus relief may be available. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f). A trial court clearly abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1990) (orig. proceeding); *In re Jones*, No. 09-24-00045-CV, 2024 Tex. App. LEXIS 1743, at *2 (Tex. App.—Beaumont March 7, 2024, orig. proceeding) (mem. op.).

The burden to demonstrate entitlement to mandamus relief is on the relator. *See Walker*, 827 S.W.2d at 837. In his motions, Thompson requested permission to engage in discovery to investigate a potential lawsuit. We conclude Thompson has failed to demonstrate that he presented a meritorious lawsuit that the LAJ arbitrarily refused permission to file. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(d); *In re Jones*, 2024 Tex. App. LEXIS 1743, at *2. Accordingly, we deny Thompson's petition for writ of mandamus.

STEVE SMITH
Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
(Chief Justice Gray dissents.)
Petition denied
Opinion delivered and filed December 19, 2024
[OT06]

